UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMES D. MURRAY, III,

                Plaintiff,

       v.

C.O. JACOBS, et al.,

                Defendants.

_____

<u>ORDER</u>

04-CV-6231CJS

        By order dated September 8, 2005, the above-captioned matter has been referred to the undersigned for the supervision of pre-trial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B).  (Docket # 29).  Currently before the Court is plaintiff's motion for the appointment of counsel and request for a settlement conference.  (Docket # 77).

        It is well-settled that there is no constitutional right to appointed counsel in civil cases.  Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

        1.  Whether the indigent's claims seem likely to be of substance;

        2.  Whether the indigent is able to investigate the crucial facts concerning his claim;

3.  Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4.  Whether the legal issues involved are complex; and

5.  Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* This, plaintiff has failed to do. Moreover, the legal issues in this case do not appear to be complex, and plaintiff, through the many motions filed with this Court, has demonstrated an ability to litigate this lawsuit on his own behalf. It is therefore the Decision and

Order of this Court that plaintiff's motion for the appointment of counsel **(Docket # 77)** is

**DENIED** without prejudice at this time.  It is the plaintiff's responsibility to retain an attorney or

press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

       To the extent plaintiff has requested that the Court conduct a settlement

conference, such motion is also denied.  Although it is within this Court's authority to conduct

settlement conferences when deemed appropriate, I do not find that such a conference would be

beneficial in this matter.  Plaintiff may make a settlement demand of defendants without the

intervention of the Court, and should address such demand directly to defendants' counsel.

Accordingly, plaintiff's motion for a settlement conference **(Docket # 77)** is **DENIED**.

**IT IS SO ORDERED.**

              *s/Marian W. Payson*
              MARIAN W. PAYSON
             United States Magistrate Judge

Dated: Rochester, New York
      April   5  , 2007.