UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMES D. MURRAY, III,

                  Plaintiff,

       v.

C.O. JACOBS, et al.,

                  Defendants.

_____

ORDER

04-CV-6231CJS

        By order dated September 8, 2005, the above-captioned matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Docket # 29).

        Plaintiff James Murray ("Murray") in the above-captioned matter has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that defendants have violated his constitutional rights by, *inter alia*, subjecting him to the excessive use of force and cruel and unusual punishment. (Docket # 1). Currently pending before the Court are two motions by plaintiff. (Docket ## 90, 91). The first seeks an extension of a deadline[1] and the second requests appointment of counsel, as well as a copy of the docket sheet. (*Id.*).

        On October 21, 2008, Murray filed a motion seeking a ninety-day extension to the "court's most recent deadline extension." (Docket # 90). A review of the docket reveals that the

___

[1] This motion also contains requests for various types of injunctive relief, including a transfer from the Upstate Correctional Facility, medical and dental care and paralegal assistance. (Docket # 90). Consistent with the district court's referral order (*see* Docket # 29), this decision addresses only Murray's request for an extension of time and appointment of counsel. The remaining requests for injunctive relief remain pending before the district judge.

deadline to which Murray refers must the November 12, 2008 deadline for filing motions to compel set by United States District Judge Charles A. Siragusa on August 13, 2008. (Docket # 89). Defendants oppose Murray's request, arguing that it is a "deliberate and active abuse of the judicial process" and citing Murray's numerous prior requests for extensions of discovery deadlines. (Docket # 93).

Because Murray filed his request for an extension before the deadline expired, and considering that Murray has had substantial time to prepare any motion to compel, I will extend the deadline by a brief period following the issuance of this order, but do not intend to grant any further extensions of the deadline. Accordingly, Murray must file any motion to compel consistent with Judge Siragusa's August 13, 2008 order by no later than **October 9, 2009**.

I turn now to Murray's requests for counsel.[2] (Docket ## 90, 91). It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).

The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Cooper v. A. Sargenti Co., Inc.*, 877

---

[2] Murray previously requested appointment of counsel, and that request was denied. (Docket # 78).

F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but appeared to have little merit).

Having reviewed the facts presented herein in light of the standards promulgated by *Hendricks v. Coughlin*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), I find that appointment of counsel is not necessary at this time. It is therefore plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

## CONCLUSION

For the foregoing reasons, Murray's motion for an extension of time (**Docket # 90**) is **GRANTED in PART** and **DENIED in PART** and his motions for appointment of counsel (**Docket ## 90, 91**) are **DENIED**. Murray's motion for a copy of the docket sheet (**Docket # 91**) is **GRANTED**, and the Clerk of the Court is hereby directed to mail a copy of the docket sheet to Murray.

**IT IS SO ORDERED.**

        *s/Marian W. Payson*
        MARIAN W. PAYSON
        United States Magistrate Judge

Dated: Rochester, New York
      September  15 , 2009