**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

JAMES MURRAY,

                            Plaintiff,

-vs-

                            DECISION and

C.O. JACOBS, *et al.*                         ORDER

                       Defendants.       04-CV-6231-CJS

---

**Siragusa, J.** Before the Court are Plaintiff's motion, filed on April 12, 2013, ECF No. 127, for appointment of *pro bono* counsel. Defendants have not filed a response and the time for doing so expired on April 26. L.R. Civ. P. 7(b)(2)(B).

In his application, Plaintiff seeks appointment of "an experienced Prisoners Civil Rights Excessive Force Trial Lawyer," Murray, III, Aff. ¶ 1, Apr. 12, 2013, ECF No. 127. In his affidavit, Plaintiff explains that he is entitled to the appointment of counsel,

> Because of the same reasons, (the same reasons) the court appointed counsel already Plaintiff shouldn't be prejudiced by denial of counsel, due to the fact, that Plaintiff complained about previously appointed counsel's malpractice, incompetence, false representations, and unreadyness [sic] etc., when asking that he be relieved and new counsel appointed.

*Id.* ¶ 4. Plaintiff also states that without appointment of counsel, he is unable to identify witnesses he would like to have testify at his trial, since, as a prisoner, he is not permitted by the correctional rules to communicate with other prisoners. *Id.* ¶ 5. Further, he states that in order to prove that the cell search of his cell was based on fabricated evidence, he needs access to documents that he is not permitted to have for security reasons, but that an attorney would be permitted to obtain. Also, he contends

that as a prisoner, he is unable to obtain personnel files and disciplinary records for the correctional officers, whom he is accusing of using excessive force on him. *Id.* ¶16.

The Court notes that in its ADR Referral Order, July 28, 2011, ECF No. 109, it appointed *pro bono* counsel to represent Plaintiff at mediation and thereafter. The Counsel appointed was an experienced lawyer, a partner in a well-established Rochester, New York law firm. That partner engaged an associate at his firm, and the associate and partner appeared at the conference held on June 18, 2012, ECF No. 123, where the Court relieved counsel *at Plaintiff's request*. Letter from Plaintiff to the Court, June 7, 2012, ECF No. 121.

At the outset, when considering the appointment of *pro bono* counsel, the Court must determine whether Plaintiff has made, "a threshold showing of some likelihood of merit." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 59 (2d Cir. 1986). Plaintiff alleges in his complaint that on March 26, 2003, corrections officers assaulted him while he was in mechanical restraints at Attica Correctional Facility and that corrections sergeants failed to intervene to protect him. On September 13, 2011, the Court entered a Decision and Order dismissing the third and fourth claims in Plaintiff's complaint and dismissing two of the named defendants. Plaintiff appealed to the Second Circuit, which dismissed his appeal.

Once the threshold showing has been made, the Court must consider other factors:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented..., the indigent's ability to present the case, the complexity

> of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61-62; *see Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2d Cir. 2003) (applying the *Hodge* factors); *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (same). "Volunteer lawyer time is a precious commodity," *Cooper*, 877 F.2d at 172.

In this case, the matter is not complex, and the legal issues involved are straight forward and easily understood without legal training. The fact that Plaintiff disagreed with his prior *pro bono* counsel on trial strategy and, therefore, insisted on severing his relationship with counsel, does not weigh in favor of appointing yet another volunteer lawyer to represent Plaintiff. In her Order denying the appointment of *pro bono* counsel, U.S. Magistrate Judge Marian W. Payson wrote,

> As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* This, plaintiff has failed to do. Moreover, the legal issues in this case do not appear to be complex, and plaintiff, through the many motions filed with this Court, has demonstrated an ability to litigate this lawsuit on his own behalf.

Order at 2, Apr. 5, 2007, ECF No. 78. Discovery closed on this case on May 5, 2006. *See* Decision and Order at 2, Jan. 21, 2011, ECF No. 107. If Plaintiff has not yet identified witnesses, or documents necessary to his defense, appointing counsel is unlikely to be of any assistance to him.  If the issue is merely locating witnesses, the Court can, using the  New York State Department of Correctional and Community Services website, determine whether witnesses are in New York custody if Plaintiff provides a name and date of birth, or the department's identification number.

Therefore, the Court determines that, after reviewing the *Hodge* factors, Plaintiff is not entitled to further *pro bono* services from counsel and must either retain counsel at his own expense, or press on *pro se* in this case.  His motion to appoint counsel, ECF No. 127, is denied.  At the June 18, 2012, video conference with both counsel and Plaintiff, the Court adjourned the jury trial, then scheduled for June 25, 2012. Now that the issue of appointed counsel is resolved, the Court will reschedule the jury trial.

The Court reminds both sides that with their consent, the case can be tried before Magistrate Judge Payson and a jury and that the Magistrate Judge's schedule is more flexible, since the district court has many criminal cases that take precedence over civil cases. Therefore, the Court will attach a consent form to this Decision and Order, which can be signed and returned direct to the Clerk of the Court, indicating whether either side would consent to a jury trial before Magistrate Judge Payson.  If both sides do not consent by June 20, 2013, the Court will schedule another video conference to address any pretrial issues and reset the trial date.

IT IS SO ORDERED.

Dated:   May 15, 2013
        Rochester, New York

               ENTER:

                        /s/ Charles J. Siragusa
                        CHARLES J.  SIRAGUSA
                        United States District Judge